## IN RE JAMES.

(Circuit Court of Appeals, Fourth Circuit. July 16, 1910.)

### No. 967.

BANKRUPTCY (§ 408*)—DISCHARGE—GROUNDS FOR REFUSAL—CONCEALMENT OF PROPERTY—"CONCEALED."

In Bankr. Act July 1, 1898, c. 541, § 14b (4), 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427), as amended by Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 (U. S. Comp. St. Supp. 1909, p. 1310), which makes it a ground for refusing a discharge that a bankrupt has "at any time subsequent to the first day of the four months immediately preceding the filing of the petition * * * concealed or permitted to be * * * concealed any of his property with intent to hinder, delay or defraud his creditors," the word "concealed" includes a continuous concealment, and a bankrupt who concealed property from his creditors while insolvent before the four-month period, and kept the same concealed until within the four months, and until it was discovered by another, is not entitled to a discharge.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 408.*

For other definitions, see Words and Phrases, vol. 2, pp. 1377–1384.]

Appeal from the District Court of the United States for the Eastern District of North Carolina, at Wilmington, in Bankruptcy.

In the matter of John L. James, bankrupt. An application for discharge was contested by Stone & Co., creditors. Decree denying discharge (175 Fed. 894), and the bankrupt appeals. Affirmed.

This is an appeal from a judgment of the District Court of the United States for the Eastern District of North Carolina, sitting as a court of bankruptcy. It appears that on the 25th of October, 1907, and for some time prior thereto, the petitioner was engaged in the mercantile business at Deep Bottom, in the county of Dublin, state of North Carolina, and continued in that business until the 4th day of November, 1907; that on the 25th of October, 1907, petitioner made a general assignment for the benefit of his creditors, and one Robert James was appointed trustee under the deed of assignment. It further appears that without the knowledge of any person, except his son, the petitioner hid, secreted, and concealed certain property to which reference will hereafter be made, amounting in value to about $50. On the 28th of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

February, 1908, Stone & Co. and other creditors of the petitioner filed their petition in involuntary bankruptcy against the petitioner, alleging that within four months next preceding February 28th petitioner had committed an act of bankruptcy by executing and delivering on the 4th day of November, 1907, a deed of general assignment, and upon information and belief had within four months next preceding February 28, 1908, removed or caused to be removed from his storehouse a large quantity of goods and had concealed or caused to be concealed said goods in various swamps or other places with intent to hinder, delay, and defraud his creditors, and praying that he be adjudged a bankrupt, and said petition was served upon John L. James on the 29th of February, 1908; that on the 8th day of March, 1908, petitioner filed his answer to said petition denying that within four months next preceding the date of the petition (February 28, 1908), he had removed or caused to be removed or concealed or caused to be concealed any merchandise with intent to hinder, delay, or defraud his creditors as alleged, and, while admitting that prior to the 4th of November, 1908, he had taken some merchandise from his store and warehouse and stored it away in different places, he denied that this merchandise had been taken from his assignee (Robert James) or that it had been taken within four months next preceding February 28, 1908. The petitioner was duly adjudged a bankrupt March 11, 1908. On May 8, 1908, the petitioner filed his petition for a discharge from bankruptcy in due form, and the hearing was set for May 20, 1908. By specifications of objections and amendments thereof under dates of May 4, 1908, and June 3, 1908, respectively, Stone & Co., creditors of the bankrupt, opposed his discharge upon the ground that four months preceding the filing of their petition, to wit, February 28, 1908, the petitioner with intent to hinder, delay, and defraud his creditors had transferred, removed, destroyed, or concealed, sundry articles of merchandise (specified), and on May 20, 1908, the petitioner filed his petition to dismiss said specifications as being insufficient in law to warrant the court in refusing a discharge.

At this stage of the proceedings, the then judge of the District Court entered an order suspending further proceedings to await the determination of certain matters at issue in regard to certain real estate claimed as part of the bankrupt's estate. By an order entered July 21, 1909, the court modified the aforesaid order, and directed George H. Howell, Esq., as special master, "to hear the application of the bankrupt for his discharge and to take evidence and report the same, with his findings of fact to the court." Upon hearing on January 31, 1910, the court entered an order refusing to grant the bankrupt a discharge.

Upon the foregoing statement of facts, the court below held that the concealment of the goods of the bankrupt on October 24, 1907, was a continuous concealment extending to January 5, 1908, within the four months immediately preceding the filing of the petition herein; that said concealment was a concealment from the trustee; and that, therefore, the bankrupt was not entitled to a discharge.

Henry R. Miller and H. L. Stevens, for appellant.

Before GOFF and PRITCHARD, Circuit Judges, and KELLER, District Judge.

PRITCHARD, Circuit Judge (after stating the facts as above). It is insisted by counsel for appellant that, inasmuch as the petitioner had concealed a portion of his property more than four months next preceding the filing of the petition, he thereby became exempt from the provisions of the bankruptcy law relating to the concealment of the property of the bankrupt, notwithstanding the fact that he continued to keep the property in question concealed until within the four months' period next preceding the filing of the petition. The purpose of the bankruptcy law is to secure fair treatment for both creditor and debtor, and ample provision is made by which an honest

debtor may, upon compliance with the provisions of the law, secure a discharge from his debts, and thus be enabled to start life anew.

The question naturally arises as to whether the petitioner in this case has complied with the law, or, on the other hand, whether he has done that which the law forbids.

The referee finds the following facts as respects his conduct:

" *   *   * (6) That on or about the 25th day of October, 1907, and before the bankrupt made the deed of assignment of all his property for the benefit of his creditors to one Robert James, he, without the knowledge of the said Robert James, or any other person except his son, hid in a swamp in Onslow county, on land leased by him, five caddies of tobacco, worth about 20 cents a pound, one case of gun shells, two trunks of shoes and dry goods, and a case of dry goods, with intent to hinder, delay, and defraud his creditors. That on or about the 25th of October, 1907, and before the bankrupt made the deed of assignment of all his property for the benefit of his creditors to one Robert James, he, without the knowledge of the said Robert James, or any other person except his son, hid, secreted, or concealed at one W. R. Sholer's house one barrel of boots and shoes, valued at about $50, with intent to hinder, delay, and defraud his creditors. That on or about the 25th day of October, 1907, and before the bankrupt made the deed of assignment of all of his property for the benefit of his creditors to one Robert James, he without the knowledge of the said Robert James, or any other person except his son, hid, secreted, or concealed in the Hardy Kenan house on the Burton place two barrels of flour, one bale of homespun, one large box of notions, two cases of shoes, four boxes of gun shells, two packages of snuff, two buckets of snuff, three rolls of wrapping paper, and two sacks of coffee, all of the value of about $416.25, with intent to hinder, delay, and defraud his creditors. That on or about the 5th day of January, 1908, one H. G. Swinson discovered the whereabouts of the property concealed in Onslow county, when the bankrupt voluntarily disclosed the hiding place of all the property concealed by him, except two trunks and their contents and one lot of tobacco, which were stolen or taken from the hiding place, without the bankrupt's knowledge or consent."

Subsection 4 of section 14 of the bankruptcy law provides that it shall be the duty of the judge, upon the petition of the bankrupt made in accordance with the provisions of the act, to grant a discharge, unless petitioner, "at any time subsequent to the first day of the four months immediately preceding the filing of the petition transferred, removed, destroyed, or concealed, or permitted to be transferred, removed, destroyed, or concealed any of his property with intent to hinder, delay, or defraud, his creditors." Thus it will be seen that a debtor who conceals his property with intent to hinder, delay, or defraud his creditors during the four months' period is not entitled to a discharge. It is the manifest purpose of this provision to prevent dishonest and unscrupulous debtors from imposing upon the public.

The findings of fact by the referee show that within the four months' period the property of the petitioner was concealed, and that such concealment was fraudulent and with intent to hinder and delay the creditors of the petitioner in the collection of their debts. While in the first instance the act of concealment was more than four months next preceding the filing of the petition, nevertheless it is undisputed that the concealment was continued until within the four months' period, with the consent and acquiescence of the petitioner, and for a fraudulent purpose, thus bringing this case clearly within

the purview of the statute. To hold otherwise would be to open wide the door for the commission of fraud by those who may be actuated by a desire to evade the payment of their honest debts. Suppose that, in this instance, there had been no discovery of the concealed property until the day of the filing of the petition for a discharge and it had then been discovered that the property had been concealed and that fact had been made to appear, would the judge, under such circumstances, be justified in granting a discharge? We think not. A bankrupt, in order to be entitled to a discharge, must come into court with clean hands, and show that his conduct has been that of an honest, upright man. But, under the circumstances of this case, it cannot be reasonably insisted that a court of justice should, by its decree, proclaim to the public that one who concealed his goods for the purpose of defrauding his creditors had dealt fairly with his fellowman, and that such an individual is entitled to the benefits of an act intended to promote honesty and fair dealing.

We have carefully considered the briefs filed by the appellant, but are of opinion that the cases relied upon are not applicable to the case at bar. For the reasons hereinbefore stated, the judgment of the lower court is affirmed.