## GLASS v. UNITED STATES.

### (Circuit Court of Appeals, Third Circuit. March 25, 1916.)

### No. 2061.

1. BANKRUPTCY ⊂⊃495—OFFENSES—ADMISSIBILITY OF EVIDENCE—CONCEALMENT OF PROPERTY.

In a prosecution against a bankrupt for fraudulently concealing property from his trustee, evidence that defendant, shortly before the petition was filed against him, removed his books and disposed of a large part of his goods, which were then in the district in which the bankruptcy proceedings were subsequently filed and the prosecution instituted, was properly admitted, not as proof of the completed act of concealment, but as evidence of a plan or scheme from which an inference of subsequent concealment could be drawn.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 912; Dec. Dig. ⊂⊃495.]

2. BANKRUPTCY ⊂⊃485—OFFENSES—"CONCEALMENT OF PROPERTY."

Bankr. Act July 1, 1898, c. 541, § 1, cl. 22, 30 Stat. 544 (Comp. St. 1913, § 9585), which defines concealment to include secrete, falsify, and mutilate, contemplates by "concealment of property" a continuous concealment in cases where the property was physically converted and concealed before bankruptcy and remains secreted and concealed thereafter.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 906, 908; Dec. Dig. ⊂⊃485.

For other definitions, see Words and Phrases, First and Second Series, Concealment.]

3. BANKRUPTCY ⊂⊃485—OFFENSES—CONCEALMENT OF PROPERTY—CONSTRUCTION OF STATUTE.

The construction of continuous concealment of property in civil cases under Bankr. Act, § 14b (Comp. St. 1913, § 9598), applies to the concealment under the criminal section, 29b (section 9613).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 906, 908; Dec. Dig. ⊂⊃485.]

4. CRIMINAL LAW ⊂⊃741(1)—QUESTIONS FOR JURY—HYPOTHESIS OF INNOCENCE.

While the evidence must exclude every reasonable hypothesis of guilt, where the reasonableness of the only hypothesis of innocence propounded presents a question on which men of ordinary intelligence may differ, it is for the jury.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1705, 1713, 1727, 1728; Dec. Dig. ⊂⊃741(1).]

5. CRIMINAL LAW ⊂⊃829(9)—REQUESTED CHARGES—CHARGE ALREADY GIVEN.

Where the court had properly charged the jury on the presumption of innocence and the necessity of proof of guilt beyond a reasonable doubt, there was no error in refusing a requested charge that if there are a number of theories fairly deducible from the evidence which are compatible with guilt, and a single theory fairly compatible with innocence, the jury must adopt the theory compatible with innocence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2011; Dec. Dig. ⊂⊃829(9).]

6. CRIMINAL LAW ⊂⊃1044—APPEAL—QUESTIONS PRESENTED—SUFFICIENCY OF EVIDENCE.

Appellate courts need not consider the question whether there was substantial evidence to sustain a conviction, in the absence of a request for an instructed verdict and an exception to its denial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2672, 2674, 2675; Dec. Dig. ⊂⊃1044.]

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

231 F.—5

In Error to the District Court of the United States for the District of New Jersey; Thos. G. Haight, Judge.

Isidore Glass was convicted of fraudulently concealing property from his trustee in bankruptcy, and he brings error. Affirmed.

I. F. Goldenhorn, of Jersey City, N. J., for plaintiff in error.

J. Warren Davis, U. S. Atty., of Trenton, N. J.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

WOOLLEY, Circuit Judge. The plaintiff in error (defendant below) was tried and convicted upon an indictment charging him with "the offense of having knowingly and fraudulently concealed while a bankrupt, * * * from his trustee * * * property belonging to his estate in bankruptcy." Section 29b, Bankruptcy Act of 1898.

The defendant was a merchant, having a store in Passaic, another in Paterson, New Jersey, and warerooms in Brooklyn, New York. The latter were used for the storage of goods bought in New York and afterward shipped to Passaic, whence they were re-shipped (at times in original packages) to the warerooms in Brooklyn, and thence disposed of. The testimony discloses that in July or August, 1912, the defendant was in financial difficulty. He represented to his creditors that he was solvent, and that his assets were about $15,000 in excess of his liabilities. He succeeded in quieting his creditors until August 30th, when they made an examination of his merchandise and books at his Passaic and Paterson stores, and found that his previous representations were false, in that he had overstated his assets and understated his liabilities. Being confronted with his insolvency and under threat of bankruptcy proceedings, the next night he removed his books to his dwelling, and the larger portion of his goods from the Passaic store to rooms which he had recently rented in Paterson, and two days later loaded them on trucks and moved them to New York. An involuntary petition in bankruptcy was filed against him on September 6th, and in due course a trustee was appointed. Neither the merchandise nor the books of the defendant so removed, were delivered to the trustee.

[1, 2] The defendant claims that large sales and the payment of his debts with the proceeds, explain the removal of the goods and the disparity between assets found by the trustee and assets which he but recently had. The trial court admitted testimony touching the conduct of the defendant in removing his books and in disposing of his goods during a brief period immediately prior to the date of bankruptcy, upon the ground that such testimony had a probative bearing on their subsequent disappearance. Much of this testimony consisted of statements made by the defendant to his creditors, and acts done by him and his agents in secreting his books and in removing merchandise from place to place, before bankruptcy proceedings were instituted. The defendant complains that in admitting this testimony the court erred, because from its very nature, the offense of concealing property from a trustee can only be committed after bankruptcy proceedings have been instituted and a trustee appointed. Therefore,

evidence of prior conduct was irrelevant. The defendant urges this contention upon the theory that concealment within the meaning of the act must at all times be a physical act in the nature of manual conversion, begun and completed after bankruptcy, and therefore to be proved only by acts done after bankruptcy. This contention is without merit. The testimony was admitted, as stated by the court, not in proof of the completed act of concealment, but as evidence of a plan or a scheme from which inference of subsequent concealment and of fraudulent intent to conceal might reasonably be drawn. "Conceal" is defined by the act to include "secrete, falsify and mutilate" (section 1, clause 22), and by concealment of property, the act contemplates a continuous concealment in instances where property is physically converted and concealed before bankruptcy and remains secreted and concealed after bankruptcy. In re Cramer (D. C.) 175 Fed. 879; In re James, 181 Fed. 476, 104 C. C. A. 224. As evidence of acts committed before bankruptcy is admissible in proof of concealment then begun and thereafter completed, so evidence of acts before bankruptcy is admissible in proof of fraudulent intent with which concealment is completed after bankruptcy. Seigel v. Cartel, 164 Fed. 691, 90 C. C. A. 512.

The case of Gretsch v. United States, 231 Fed. 57, —— C. C. A. ——, recently decided by this court, is distinguishable from this case upon the facts and in the point of decision. In that case, the property alleged to have been concealed had never been in the district in which the offense was laid and the defendant tried. The question was whether the offense of concealing property from a trustee in bankruptcy could be committed in a district when the property had never been in the district, and therefore whether the defendant's constitutional right of trial in the district in which the crime was committed, had been invaded. In the case now before us, all of the property alleged to have been concealed was before bankruptcy in the district in which the defendant was tried, and for aught the testimony shows, some of it may now be there. The question here is, whether testimony of facts indicating concealment of property before bankruptcy is admissible in proof of its concealment, continued and completed, after bankruptcy.

[3] The construction of continuous concealment has been declared by the courts principally in cases arising on applications for discharge under section 14b of the act. 2 Loveland on Bankruptcy, § 651, and cases cited. The construction applies with equal force to concealment of property under criminal section 29b. Each section deals with the same thing, though in different ways, and with different objects. The main difference in the provisions is in the proofs required in proceeding under them, and this is the difference that always maintains between proof required in civil and criminal actions. We find no error in the court's rulings, reviewed under the third, seventh, eighth, ninth and tenth assignments of error.

[4] The court was asked by the defendant to charge that:

"If there are any number of theories fairly deducible from the evidence which are compatible with guilt, and a single theory fairly compatible with innocence, the jury must adopt the theory of innocence."

We are asked to find that the court erred in refusing to give this instruction to the jury, and we are also asked to apply the principle of this instruction in determining whether the verdict was against the weight of the evidence.

The defendant has not indicated the source of this proposition. We imagine that it was intended to embody the principle of the rule, that, to justify conviction of crime, the evidence must be such as to exclude every reasonable hypothesis but that of guilt. Isbell v. United States (C. C. A. 8th Circuit) 227 Fed. 788, —— C. C. A. ——, and cases cited. While such a rule is recognized, the question is always present,—by whom is it to be applied? In some cases no doubt by the court, but certainly not in such a case as this, "where the reasonableness of the only hypothesis of innocence propounded presents at least a question upon which men of ordinary intelligence might honestly differ." Hart v. United States (C. C. A. 3d Circuit) 84 Fed. 799, 804, 28 C. C. A. 612. The trial court was therefore right in leaving the jury to determine whether the defense that the goods were sold before bankruptcy and the proceeds applied to the payment of the defendant's debts, was reasonable or not. The jury found that it was unreasonable, thereby destroying the "single theory fairly compatible with innocence." As we find nothing in the evidence that warrants the supposition that the jury was mistaken, we see nothing in the case to which the instruction could be applied, either by the jury or by this court.

[5] In submitting the case, the court gave the customary and proper instruction with respect to the presumption of the defendant's innocence and the necessity of proof of guilt beyond a reasonable doubt. As this instruction met the requirements of the case, we find no error in the court's refusal to give the additional instruction either in the language or the principle of the prayer. This disposes of the fifth and sixth assignments of error.

[6] The remaining five assignments of error do not command our consideration, because in the matters to which they refer, no motions were made, or, if made, no exceptions were noted. Upon two of these assignments, however, the defendant based his main argument for reversal, namely, the error of the trial court in refusing to direct a verdict for the defendant, and that the verdict rendered was not supported by the evidence. It is a general rule that appellate courts will not consider the question whether there was substantial evidence to sustain a verdict, in the absence of a motion or request for an instructed verdict by the defeated party at the close of the trial, and an exception to its denial. Fielder v. United States, 227 Fed. 832, 833, —— C. C. A. ——, and cases cited. There was no such motion, request or exception in this case. Nevertheless this is a criminal case, involving the liberty of the defendant. We have therefore been disposed to avail ourselves of our rule, under which we may notice a plain error not assigned, and consider this aspect of the case as if properly before us. We have given the case very full and very serious consideration, and find that the verdict was amply supported by the evidence, and that the court did not err in failing to instruct the jury to render a verdict of acquittal.

The judgment below is affirmed.