### GOUKLER et al. v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. December 27, 1923.)

No. 3081.

1. Conspiracy ⬩⬩⬩43(5)—Conspiracy and overt act may be charged on same day.
    An indictment under Criminal Code, § 37 (Comp. St. § 10201), for conspiracy to commit an offense against the United States, *held* not bad because the overt act was alleged to have been committed on the same day the conspiracy was entered into, where it was alleged to have been committed "afterward."

2. Conspiracy ⬩⬩⬩47—Circumstantial evidence held sufficient to sustain conviction.
    Evidence, though wholly circumstantial, *held* sufficient to sustain conviction.

⬩⬩⬩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Conspiracy ⬤⟶37—Conspiracy to commit offense not merged in commission of such offense.**

A conspiracy to commit an offense is not merged in the commission of the substantive offense itself, but both may be prosecuted.

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Criminal prosecution by the United States against Harry C. Goukler and Sidney Palmer. Judgment of conviction, and defendants bring error. Affirmed.

Aaron V. Dawes, of Trenton, N. J., for plaintiffs in error.
Harlan Besson, of Hoboken, N. J., for the United States.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. The plaintiffs in error (defendants below) were convicted upon three counts of an indictment charging first, conspiracy to transport liquor; second, possession of liquor; and third, transportation of liquor. in violation of statutes of the United States. After sentence, including imprisonment under the first count, they sued out this writ of error.

Goukler and Palmer were caught by a United States Custom Guard, at night, in waters of the United States off the Absecon Inlet in the gas screw boat Edwin H. Berke transporting a cargo of liquor. On being hailed by the Coast Guard and asked what he had aboard, Goukler, the captain, replied, "rum." Investigation disclosed 782 packages of liquor. Chemical analyses of samples showed it to be whisky of prohibited alcoholic content fit for beverage purposes.

[1] The first error assigned concerns the refusal of the trial court to sustain the defendants' demurrer to the conspiracy count of the indictment. The demurrer charged in substance that the count disclosed one completed transaction and that, accordingly, it failed to show that conspiracy preceded the overt act. This proposition is fundamental and, if sustained in fact, the count is bad. This is because the ancient rule of conspiracy, where the conspiracy itself was the whole offense, has been displaced by an offense prescribed by statute (Section 5440, Rev. Stat.; section 37 of the Criminal Code [Comp. St. § 10201]). where, in addition to conspiracy, there must be an overt act to effect its object. Hyde v. United States, 225 U. S. 347, 32 Sup. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614. In the logic of the law as changed, conspiracy to commit an offense against the United States necessarily precedes an overt act to do the thing.

Doubtless the defendants were prompted to make this attack on the conspiracy count because the peculiar circumstances of the case would justify a finding by a jury that the conspiracy was entered into shortly before the overt act was committed, perhaps on the same day. Even so, that does not affect the character of the offense or the validity of the count, because, if conspiracy had been entered into and later an act done to effectuate it, the time intervening in the sequence of events is unimportant. Here the count charged conspiracy on the 16th day of November, 1922, and it charged that the overt act, though committed

on the same day, was committed "afterwards." We are of opinion that the indictment is good.

[2] The next error assigned is that the evidence was not sufficient to sustain the conviction on the conspiracy count.

Although this contention was made on behalf of both defendants it was made with especial reference to Palmer, because, as to him, the evidence showed nothing more than his presence on the boat. His counsel maintains that crime cannot be inferred from his mere presence, arguing that he may have been there as a guest, a passenger, or invitee, or that his presence might be otherwise explained. The two men were found on a fair-sized boat operated by its own power, carrying a cargo of liquor, and running under cover of darkness 'from the sea to the shore. They were the only persons aboard and, accordingly, the only persons who could compose the crew. Being on the boat under circumstances which might raise a valid inference of participation in the several crimes charged against them, their presence and the purpose of their presence were matters for the jury. It was also the province of the jury to determine from the evidence what the defendants were doing and whether they had conspired to do the thing they were caught doing. In most cases of conspiracy it is impossible to prove by direct evidence that the persons charged met together and agreed and conspired to do unlawful things. Such agreements are usually made secretly. A frontier judge, in the early days, employed an apt figure when he said: "Conspiracy is hatched in a hollow tree." Convictions for offenses of this kind rest almost, always on circumstantial evidence. Hyde v. United States, 225 U. S. 347, 32 Sup. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614; Murry v. United States (C. C. A.) 282 Fed. 617, 618. The evidence, though circumstantial, amply sustains the conviction in this case.

[3] The remaining assignment specifies error in the refusal of the court to grant a motion in arrest of judgment. This motion was based on the now familiar contention that the offense of conspiring to transport liquor under the first count and the offense of transporting liquor under the third count are identical and, in consequence, the offense of conspiring under section 37 of the Criminal Code is merged into the lesser offense under the National Prohibition Act (U. S. Comp. St. Ann. Supp. 1923, § 10138½ et seq.). There is no merit in this contention. It has been often made but never sustained. Murry v. United States, supra; Bookbinder v. United States (C. C. A.) 287 Fed. 790, 795.

The judgment below is affirmed.