## MARCUS et al. v. UNITED STATES.

Circuit Court of Appeals, Third Circuit.
June 30, 1927.

Rehearing Denied August 23, 1927.

No. 3589.

1. **Criminal law ⬤═149—Offense of concealing property from trustee cannot be completed, as affects running of limitations, till after appointment of trustee (Bankruptcy Act, §§ 29b, 29d [Comp. St. § 9613]).**

Under Bankruptcy Act, § 29b (Comp. St. § 9613), offense of fraudulently concealing property belonging to bankrupt estate from trustee cannot be completed, as affects running of limitations under section 29d (Comp. St. § 9613), until after adjudication in bankruptcy and appointment of trustee.

2. **Criminal law ⬤═149—Prosecution for concealment of property of bankrupt estate from defendants' trustee in bankruptcy held not barred by limitation (Bankruptcy Act, §§ 29b, 29d [Comp. St. § 9613]).**

Prosecution under indictment found May 12, 1926, for concealing property of bankrupt estate from defendants' trustee in bankruptcy, in violation of Bankruptcy Act, § 29b (Comp. St. § 9613) *held* not barred by one-year statute of limitations (Bankruptcy Act, § 29d [Comp. St. § 9613]), where trustee was not appointed until June 15, 1925, and offense could not have been completed until after that date.

3. **Bankruptcy ⬤═485—Defendants, charged with concealing property from their trustee in bankruptcy, held not entitled to acquittal on theory that property was in hands of receiver and court, and that offense, if any, was larceny or embezzlement (Bankruptcy Act, § 29b [Comp. St. § 9613]).**

Defendants, charged with concealing property belonging to bankrupt estate from their trustee in bankruptcy, in violation of Bankruptcy Act, § 29b (Comp. St. § 9613), *held* not entitled to acquittal on theory that property which they were charged with concealing was in hands of receiver, and therefore in possession of court, and that their offense, if any, was larceny or embezzlement; they having had actual and physical possession of the property, notwithstanding constructive possession of court.

4. **Indictment and information ⬤═125(40)—Count charging direct offense of concealing property from trustee in bankruptcy, and charging others with aiding and abetting, held not duplicitous (Bankruptcy Act, § 29b [Comp. St. § 9613]; Comp. St. §§ 1690, 10506).**

Count charging bankrupts with direct violation of Bankruptcy Act, § 29b (Comp. St. § 9613), in fraudulently concealing property belonging to bankrupt estate from their trustee in bankruptcy and charging others under Criminal Code, § 332 (Comp. St. § 10506), making abettors liable as principals, with aiding and abetting them, *held* not duplicitous, contrary to Rev. St. § 1024 (Comp. St. § 1690).

**5. Indictment and information ⬤⟼125(5½)—** Second count of indictment charging conspiracy to commit substantive offense under Bankruptcy Act held not bad, on theory that first count charged same conspiracy (Bankruptcy Act § 29b [Comp. St. § 9613]; Comp. St. §§ 10201, 10506).

Where count of indictment charging bankrupts with concealment of property from trustee in bankruptcy, in violation of Bankruptcy Act, § 29b (Comp. St. § 9613), also charged others under Criminal Code, § 332 (Comp. St. § 10506), with aiding and abetting bankrupts, *held*, second count, charging all defendants, under Criminal Code, § 37 (Comp. St. § 10201), with conspiracy to violate Bankruptcy Act, § 29b, was not bad on theory that aiding and abetting charged in first count amounted to conspiracy, and that defendants were twice charged with same conspiracy.

**6. Indictment and information ⬤⟼125(5½)—** Substantive offense and conspiracy to commit it are distinct offenses.

Conspiracy to commit crime and the commission of the crime itself are separate and distinct offenses.

**7. Conspiracy ⬤⟼43(12)—In proof of conspiracy, government is not limited to overt acts pleaded.**

In prosecutions for conspiracy, the government is not limited in its proof of the offense to evidence of the overt acts pleaded.

In Error to the District Court of the United States for the Western District of Pennsylvania; Frederic P. Schoonmaker, Judge.

Jacob Marcus and another were convicted of concealing property belonging to bankrupt estate from their trustee in bankruptcy, and with conspiracy to commit same offense, and they bring error. Affirmed.

See, also, 21 F.(2d) 480, 483.

Lowrie C. Barton and Edward G. Coll, both of Pittsburgh, Pa., for plaintiffs in error.

John D. Meyer, U. S. Atty., and Raymond D. Evans, Asst. U. S. Atty., both of Pittsburgh, Pa.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. The indictment, containing two counts, was found against eight persons. The first count charged Jacob Marcus and Benjamin Marcus with direct violation of section 29b of the Bankruptcy Act (Comp. St. § 9613) in fraudulently concealing from their trustee in bankruptcy property belonging to the bankrupt estate, and it charged six others under section 332 of the Criminal Code (Comp. St. § 10506) with aiding and abetting them. The second count, drawn under section 37

of the Criminal Code (Comp. St. § 10201), charged all the defendants named in the first count with conspiracy to violate the same section of the Bankruptcy Act. Jacob and Benjamin Marcus were convicted and sentenced on both counts; the others were either convicted and paroled or acquitted. Therefore this writ of error is directed to the judgment against Jacob and Benjamin and relates only to their conviction. We have carefully considered the highly confused testimony of this sharply contested case, and we shall, in this opinion, do nothing more than indicate its trend and state a few pertinent dates.

On May 7, 1924, an involuntary petition in bankruptcy was filed against Jacob and Benjamin Marcus, individually and as partners, and the Pennsylvania Trust Company of Pittsburgh was appointed receiver. On August 28, 1924, they were adjudged bankrupts and from the order of adjudication they appealed to this court, which affirmed the order of the District Court. On June 15, 1925, the Pennsylvania Trust Company of Pittsburgh was elected trustee, and on May 12, 1926, the indictment in question was found, alleging the offenses we have named, in that while employed by the receiver, during the period between May 7 and August 28, 1924, the Marcus brothers and their abettors, acting in concert, made false inventories of the stock and sent out merchandise in truckloads to others than to customers (whether the merchandise was that which had come into the receiver's hands directly from the bankrupts or that which was purchased with proceeds of the sale of merchandise so originally received), without the knowledge of and without accounting to the receiver, and that in contemplation of the election of a trustee in bankruptcy, they thus concealed the merchandise so sent away, and after the trustee's election continued to conceal it.

[1, 2] The defendants, by the first assignment of error discussed in their brief, charge that their conviction under the first count was unlawful because barred by the statute of limitations. Section 29d of the Bankruptcy Act provides that,

"A person shall not be prosecuted for any offense arising under this act unless the indictment is found * * * within one year after the commission of the offense." Comp. St. § 9613.

When is the offense (section 29b) committed? We have answered that question on given facts in Glass v. United States, 231 F. 65. Paraphrasing the section, the offense has three elements—(1) concealment by a person

"while a bankrupt" (2) "from his trustee" of (3) "property belonging to the bankrupt estate." Until the offender shall have become a bankrupt, he cannot, as such, commit the offense; and until his trustee shall have been elected—that is, until he shall come into existence—it is quite impossible to conceal property from him. Therefore, the offense is not committed in the sense of being completed until its three elements shall have been established. But the offense may be commenced before any one of them come into existence. In anticipation of bankruptcy and of the election of a trustee, a person may conceal his property; and after bankruptcy, that is, after the creation of a bankrupt estate and the election of a trustee, concealment thus begun may be continued. If the facts show continued concealment, that is the offense denounced by the statute and that is the time of its commission. In the instant case the concealment began between January 1 and August 9, 1924. During a part of that time there was no bankrupt estate and during the whole of it there was no trustee, and, in consequence, there could not be the statutory offense of concealment. On June 15, 1925 the trustee was elected; not until that date could the offense be completed and therefore committed. The indictment was found May 12, 1926. If the evidence sustains the finding that the defendants' early concealment of property continued after the trustee's election, as we think it does, the action was brought within the limitation of the statute and in that respect the conviction was lawful.

[3] The defendants next contend that while their acts might be larceny or embezzlement, they did not constitute an offense against the bankruptcy law of the United States because the property which the indictment charged they concealed was in the hands of a receiver and therefore in the possession of the court. In legal contemplation the possession was that of the court but actually and physically the defendants gained possession of it, and as the evidence indicates, when so possessed, they sent it away secretively and thus concealed it. On this evidence the jury has resolved the issue against the defendants under appropriate instructions in the charge.

[4] The defendants maintain that the first count is bad because of duplicity in that two different offenses are charged against different persons, contrary to section 1024 of the Revised Statutes (Comp. St. § 1690) and the law of United States v. McConnell (D. C.)

285 F. 164, 166. In the first count there was only one offense charged. That was the substantive offense of violating section 29b of the Bankruptcy Act. It was, however, charged against Jacob and Benjamin Marcus as principals and six others as abettors. But, immediately, section 332 of the Criminal Code transformed these abettors into principals and, as such, all stood together charged with the commission of one offense. The first count is not double.

[5, 6] The second count, the defendants urge, is bad and insufficient because it charges the persons charged in the first count as abettors with conspiracy, maintaining that, "as aiding and abetting is a conspiracy," the defendants are twice charged with the same conspiracy. But in this argument the defendants set up a faulty syllogism by forcing a major premise. Aiding and abetting is not necessarily conspiracy. As abettors they were charged by the first count with the commission of a substantive offense; by the second count they were charged with conspiracy to commit that offense. That conspiracy to commit a crime and the commission of the crime itself are separate and distinct offenses is too well settled to call for extended citation of authority. Goukler v. United States (C. C. A. 3d) 294 F. 274, 276.

[7] Opposed to pleading the crime of conspiracy as at common law, a federal statute requires the averment of at least one overt act. That was done in the second count; in fact, five were averred. But in prosecutions for conspiracy the government is not limited in its proof of the crime to evidence of the overt acts pleaded. If one is pleaded the statute is satisfied; but it often happens that the crime cannot be proved by evidence of that one act. Proof of additional acts is permissible under the charging part of the count.

As indicated by what we have already said, the assignment specifying a variance between the allegata and probata is resolved against the defendants; as are the assignments that the evidence is not sufficient to sustain the conviction. This evidence is directed to the main issue of the controversy and is too voluminous to restate and discuss within the permissible limits of an opinion. It will be enough to give our conclusion, reached after a labored study of the record, that it is ample to sustain the judgment, which, therefore, must be

Affirmed.