**UNITED STATES v. COHAN.**

No. 6328.

District Court, M. D. Pennsylvania.

Jan. 21, 1931.

Andrew B. Dunsmore, U. S. Atty., of Wellsboro, Pa., and A. A. Vosburg, Asst. U. S. Atty., of Scranton, Pa.

Philip V. Mattes and J. Julius Levy, both of Scranton, Pa., for defendant.

JOHNSON, District Judge.

This is a motion to quash the indictment returned against the defendant on the following grounds:

"First: The indictment does not charge an offense of any of the penal laws of the United States so as to apprise this defendant of what offense he stands charged with having committed.

"Second: The indictment is indefinite, uncertain and insufficient in law in that it does not state to whom 'the goods and merchandise' and/or to whom the 'goods and chattels' belonged which were concealed and secreted by the defendant.

"Third: Under the indictment in this case the place of the concealment of the goods and merchandise is set forth as being unknown to the grand jurors. The defendant further excepts to the said indictment because it is too indefinite, uncertain and insufficient in law to give jurisdiction to the United States District Court for the Middle District of Pennsylvania."

The indictment contains one count, as follows:

"The Grand Jurors of the United States of America, duly empaneled, sworn or af-firmed, and charged to inquire within and for the Middle District of Pennsylvania, upon their oaths or affirmations aforesaid, do present; that heretofore, to-wit: between January 1, 1928, and January 5th, 1929, in anticipation and expectation of bankruptcy, at the County of Lycoming, State of Pennsylvania, in the Middle District thereof and within the jurisdiction of this Court, one Harry A. Cohan, did, unlawfully, knowingly, fraudulently and feloniously, conceal and secrete a large quantity of goods and merchandise of great value to-wit: of the value of $52,397.61 so that when he should have been adjudicated a bankrupt and his trustee had been selected and qualified, the said goods and chattels would not come into the hands of his said trustee and become available for the payment of the debts of said Cohan. On the 5th day of January, 1929, he filed a petition in voluntary bankruptcy in the District Court of the United States, within and for the Middle District of Pennsylvania, and heretofore, to-wit; during the month of January, 1929, the said Cohan was duly adjudicated a bankrupt, a trustee in said bankruptcy proceeding was duly elected and qualified; and after the selection and qualification of his trustee, the said Harry A. Cohan continued to unlawfully, fraudulently, knowingly and feloniously, conceal and secrete from his said trustee, the said goods and chattels valued as above; and did not allow the same to come into the hands and under the control of said trustee, so that the same might be available for the payment of the debts of said Cohan. The place and manner of the secretion and concealment of the said goods and merchandise, is to these Grand Jurors at present unknown.

"Contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States of America."

Section 29b of the Bankruptcy Act (11 USCA § 52(b) provides that "a person shall be punished by imprisonment for a period of not to exceed five years upon conviction of the offense of having knowingly and fraudulently (1) concealed from the receiver, trustee, United States marshal, or other officer of the court charged with the control or custody of property, or from creditors in composition cases, any property belonging to the estate of a bankrupt. * * * * "

In Marcus v. United States, 20 F.(2d) 454, on page 455, Woolley, Circuit Judge of this the Third Circuit, stated the elements of the offense defined in section 29b of the Bankruptcy Act, quoted above, as it applied

**312**

to this indictment, in the following language: "When is the offense (section 29b) committed? We have answered that question on given facts in Glass v. United States [C. C. A.] 231 F. 65. Paraphrasing the section, the offense had three elements—(1) concealment by a person 'while a bankrupt' (2) 'from his trustee' of (3) 'property belonging to the bankrupt estate.'"

The question arising on this motion is whether the indictment charges the offense defined under section 29b of the Bankruptcy Act and contains the elements of the offense as clearly indicated by section 29b as properly analyzed and numbered by Judge Woolley, as stated above.

The first and third reasons assigned in the motion cannot be sustained, but the second reason raises a serious question. The indictment does not charge that the defendant concealed "his" property before he was adjudicated a bankrupt and the election of a trustee, nor does it charge that he concealed from the trustee "property belonging to the estate of a bankrupt."

The failure to charge that the defendant concealed from the trustee "property belonging to the estate of a bankrupt" an essential element of the offense, is fatal to the indictment, and therefore the motion to quash this indictment must be sustained.

The rule to show cause why this indictment should not be quashed is made absolute, and the indictment is quashed.