## In re KAHN et al.

### (Circuit Court of Appeals, Second Circuit. April 14, 1913.)

### No. 198.

**1. CONTEMPT (§ 70*)—CIVIL AND CRIMINAL—DISTINCTION—EFFECT OF PUNISHMENT.**

The character and purpose of the punishment distinguish civil and criminal contempts, the punishment for civil contempt being remedial, for the benefit of the complainant in the contempt proceedings, while the punishment for criminal contempt is punitive, to vindicate the authority of the court; so that, if imprisonment is imposed in a prosecution for a civil contempt, it must be coercive, and commitment can stand only until the defendant performs the affirmative act required by the court's order, while if inflicted in a criminal proceeding it is fixed and certain, as a punishment for completed disobedience of the court's orders or for other past wrongdoing.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. § 246; Dec. Dig. § 70.*]

**2. BANKRUPTCY (§ 229*)—ORDERS—ENFORCEMENT—CONTEMPT PROCEEDINGS.**

The classification of contempts and contempt proceedings into civil and criminal contempts is applicable to proceedings in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 385; Dec. Dig. § 229.*]

**3. CONTEMPT (§ 72*)—PUNISHMENT—IMPRISONMENT—NATURE OF PROCEEDINGS.**

A sentence to a fixed and absolute term of imprisonment for contempt can be justified only by showing that it was inflicted in a proceeding for criminal contempt.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 249-256, 273; Dec. Dig. § 72.*]

**4. BANKRUPTCY (§ 229*)—CONTEMPTS—PUNISHMENT—EFFECT.**

An alleged bankrupt, having been found guilty of contempt in refusing to give proper testimony, was adjudged to be imprisoned in a specified jail for ten days, and at the expiration of that period to appear for examination, and in the event of his failure or refusal to present himself for examination or to give proper testimony, authorized an application for the continuance of his imprisonment. *Held*, that the coercive part of the punishment did not become operative until after the punitive part had been complied with, and that the latter could be supported only by showing that it was made in a criminal proceeding.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 385; Dec. Dig. § 229.*]

**5. BANKRUPTCY (§ 229*)—CIVIL AND CRIMINAL CONTEMPT.**

An alleged bankrupt having neglected and refused to give proper testimony, a contempt proceeding was instituted against him by petition, made by an attorney for the receiver in bankruptcy, and both it and the order were entitled in the bankruptcy proceedings. The government did not prosecute, nor did any one claim to act in its behalf, and the prayer for relief was for an adjudication of contempt and for further relief to the petitioner. *Held*, that the proceeding was for a civil contempt only, and that an order imposing imprisonment for a specified period was unauthorized.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 385; Dec. Dig. § 229.*]

In Error to the District Court of the United States for the Southern District of New York; George C. Holt, Judge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of bankruptcy proceedings of Louis J. Kahn and William J. Kahn, alleged bankrupts. The order adjudged Louis J. Kahn guilty of contempt of court in having willfully and deliberately neglected to give proper testimony on behalf of the receiver, and particularly for giving the testimony set forth in the petition, and further ordered:

"Second. That the said Louis J. Kahn be committed for the contempt aforesaid and be imprisoned in Ludlow Street Jail for the period of ten days.

"Third. At the expiration of the said period of ten days, the said Louis J. Kahn may present himself before this court for examination by the receiver and in the event that the said Louis J. Kahn fails or refuses to present himself for examination of the said ten-day period, or in the event that he shall fail and refuse to give proper testimony, an application may be made for the continuance of the said imprisonment."

The petition that said Louis J. Kahn should be adjudged in contempt, upon which said order was based, was made by one Stephen Brooks Rosenthal as attorney for the receiver in bankruptcy and like the order itself was entitled as in the bankruptcy proceedings.

A. A. Silberberg, of New York City (J. Joffe and A. A. Silberberg, of New York City, of counsel), for plaintiffs in error.

Rosenthal & Heermance, of New York City (C. J. Heermance, of New York City, and F. C. Briggs, of Syracuse, N. Y., of counsel), for defendant in error.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge. [1] The recent decision of the Supreme Court of the United States in Gompers v. Buck Stove Co., 221 U. S. 418, 31 Sup. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874, lays down the rules which must be followed by the federal courts in administering the law of contempt. In that decision it is said that the character and purpose of the punishment distinguish civil and criminal contempts. The punishment for a civil contempt is remedial and for the benefit of the complainant in the contempt proceedings. The punishment for a criminal contempt is punitive—to vindicate the authority of the court. If imprisonment be imposed in a civil proceeding it must be coercive in its nature. The committal must stand only unless and until the defendant performs the affirmative act required by the court's order. When inflicted in a criminal proceeding it is fixed and certain as a punishment for completed disobedience of orders or for other past wrongdoing.

[2] The classification of contempts and contempt proceedings made by the Supreme Court in the Gompers Case is general in its application and applies as well in cases arising in bankruptcy proceedings as in other causes. Whatever may be the source of the power of bankruptcy courts to punish for contempt, it must be exercised according to the general principles laid down.

[3, 4] Applying then the principles of the Gompers Case it is evident that when it appears that a sentence to a fixed and absolute term of imprisonment has been imposed it can be justified only by showing that it was inflicted in a proceeding for criminal contempt. Such a

punishment was imposed in this case. Nothing the defendant could have done would have prevented his imprisonment for the full term of ten days. That part of the punishment was to vindicate the authority of the court. The coercive part—the part to aid the complainant—did not become operative until after the punitive part had been complied with. The latter must be supported, if at all, by establishing that it was made in a criminal proceeding.

[5] Were the proceedings criminal in their nature? The most important question bearing upon this is whether they were between the public and the defendant. They were not. The government did not prosecute nor did any one claim to act in its behalf. The complainant was the attorney for the receiver in bankruptcy and the contempt proceeding was really in behalf of the latter. The petition was not entitled as in a criminal case. The order bore the title of the main bankruptcy proceedings. The prayer for relief was for an adjudication in contempt and for further relief to the petitioner. All the indicia of a civil cause incidental to the proceedings in bankruptcy, and none whatever of a criminal case, were present. The situation was precisely that stated in the Gompers Case:

"A variance between the procedure adopted and punishment imposed, when in answer to a prayer for relief in the * * * [civil] cause the court imposed a punitive sentence appropriate only to a proceeding at law for criminal contempt."

There is error in the order and it is reversed with costs.[1]

---

[1] We do not modify the order so as to preserve the merely coercive part because we are not certain that with punitive part omitted that would be the most appropriate action. Besides, we have not felt called upon on this writ of error to consider whether the remedial part stated by itself would be valid. The reversal is, however, without prejudice to further proceeding in the District Court.