### In re NEWMAN.

(Circuit Court of Appeals, Second Circuit. April 7, 1914.)

No. 100.

1. CONTEMPT (§ 66*)—APPEAL—INVITED ERROR.

An order appointing a receiver for an alleged bankrupt was served upon a public auctioneer, to whom the bankrupt had transferred property to defraud her creditors, and a demand made that a sale thereof be stopped. The auctioneer threw the order on the floor with contemptuous expression as to the court, stating that he was not selling the goods of the bankrupt, but goods consigned to him for sale by other parties, and con-

tinued the sale until served with an order to show cause why he should not be punished for contempt and directing him to turn over the goods to the receiver, whereupon he stopped the sale, allowed the receiver to put in keepers, submitted himself to the order of the court, and had not delivered any of the goods to the purchasers. He was thereafter adjudged guilty of a civil contempt, and a fine imposed, which he was ordered to pay by turning over the goods of the alleged bankrupt. *Held*, that, having submitted himself to the jurisdiction of the court, he could not complain that it had disposed of the matter summarily, instead of leaving the receiver to a plenary action.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 213–215, 223–237; Dec. Dig. § 66.*]

2. CONTEMPT (§ 2*)—CIVIL AND CRIMINAL CONTEMPT.

Such auctioneer was guilty of a criminal contempt against the dignity and authority of the court, but, not having disposed of any of the goods, was not guilty of a civil contempt.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 1–3, 5, 7, 8; Dec. Dig. § 2.*

Civil and criminal contempts distinguished, see note to Merchants' S. & G. Co. v. Board of Trade, 120 C. C. A. 593.]

Petition to revise order of the District Court of the United States for the Southern District of New York. Reversed.

N. Freeman, for petitioner.

J. Frank, of New York City, for respondent.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

WARD, Circuit Judge. [1, 2] This is an appeal from an order of the District Court adjudging Jacob Weisz, the appellant, to be guilty of a civil contempt, and imposing upon him a fine of $2,500. It is to be inferred from the order that the court below has found that Jeanette B. Newman, alleged bankrupt, made a transfer of her stock of goods to the appellant, who was a public auctioneer, with the intent of hindering, delaying, and defrauding her creditors, and that the purchase of them, though for a present consideration, was not made in good faith. As the alleged bankrupt immediately disappeared with the purchase money, her intent is quite clear.

May 16, 1913, at about 12:15 p. m., while the appellant was engaged in selling the goods in question at public auction an order of that date appointing a receiver of the property of Jeanette B. Newman was served upon him and the receiver demanded that the sale be stopped. The appellant threw the order on the floor with contemptuous expressions as to the court, saying that he was not selling the goods of Jeanette B. Newman, but goods consigned to him for sale by one Aronowitz and one Gottdiener and continued the sale. At 3:30 p. m. an order of the District Court was served upon him to show cause why he should not be punished for contempt, and directing him to turn over all the goods in question to the receiver. Thereupon he stopped the sale, allowed the receiver to put in keepers, submitted himself to the order of the court, and has not delivered any of the goods to the purchasers. Having submitted himself to the jurisdiction of the court, he cannot now complain that it has disposed of the question summarily instead

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of leaving the receiver to a plenary action. May 21st the court found the appellant guilty of a criminal contempt, and ordered him to be confined in jail for 60 days as a punishment therefor, and also guilty of a civil contempt, and ordered him to pay a fine of $2,500 and if the same were not paid within 60 days to be imprisoned until it was paid. June 12th the court vacated the order as to the criminal contempt in view of our decision in the Matter of Kahn, 204 Fed. 581, 123 C. C. A. 107, and also vacated the injunction in the order served May 16th requiring the appellant to turn over the goods in question to the receiver. June 23d the order appealed from was entered, directing the appellant to pay the fine of $2,500 by turning over goods at his premises belonging to the alleged bankrupt appraised at that value, the balance, if any, to be paid within 10 days after the appraisal.

It will be seen that the proceedings have been in the highest degree summary. The order which the appellant is punished for disobeying is the usual order appointing a receiver. It applied only to the alleged bankrupt and to all persons having her goods in their possession. The goods in question were being sold as belonging to Aronowitz and Gottdiener and it was not a civil contempt on the part of the appellant to continue the sale in the face of that general order. When later the specific order was served, he stopped the sale, submitted himself to the jurisdiction of the court, permitted the receiver to appoint custodians of the goods, and has not delivered the goods to purchasers at the sale. Still the decree of the court subsequently made relates, and we must treat the appellant as knowing, that the goods in question belonged to the alleged bankrupt when the order appointing the receiver was served upon him. The contempt of which he was guilty seems to us to have been a criminal contempt against the dignity and authority of the court. As he has not disposed of any of the goods in question, and they are still on hand, and the receiver or trustee, if one has been appointed is entitled to take possession as against any claim of his, we do not see that he has been guilty of any civil contempt. The order is reversed.