## In re DIALOGUE.

### (District Court, D. New Jersey. May, 1914.)

1. BANKRUPTCY (§ 114*)—RECEIVERS—POSSESSION—UNLAWFUL SEIZURE—CONTEMPT.

   Where a bankrupt having in his possession certain boats for repairs when bankruptcy intervened, his receiver completed the repairs and notified the owner that he might take the boats on paying the balance due for the repairs, and the owner's servant at his direction removed the boats by force from the bankrupt's dock without paying the amount due, and with knowledge that the claim was unpaid, against the protests of the receiver's employés, both the owner and his servant were guilty of contempt.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 164–166; Dec. Dig. § 114.*]

2. RECEIVERS (§ 74*)—POSSESSION OF PROPERTY—INTERFERENCE—CONTEMPT.

   Where a court has appointed a receiver, his possession of property in his official capacity is the possession of the court, and a disturbance thereof without leave of court constitutes a contempt.

   [Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 132–135; Dec. Dig. § 74.*]

3. RECEIVERS (§ 74*)—POSSESSION OF PROPERTY—REMOVAL—CONTEMPT.

   Where the receiver of a firm completed the repairs on boats which the firm had contracted to make, and offered to deliver them to the owner on payment of the amount due therefor, but the owner, without payment or attempting to get possession by application to the court, took the boats by force from the receiver's servants, the court was not bound to merely enforce the return of the boats, but was warranted in treating it as a criminal contempt punishable by fine to vindicate the court's authority.

   [Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 132–135; Dec. Dig. § 74.*]

In Bankruptcy. In the matter of bankruptcy proceedings of John H. Dialogue. Proceeding by the receiver to adjudge Charles L. Walker and Ira T. Walker guilty of contempt. Application granted.

Wilson & Carr, of Camden, N. J., for application.

Lewis, Adler & Laws, of Philadelphia, Pa., for respondents.

HAIGHT, District Judge. This is an application to adjudge Charles L. Walker and Ira T. Walker guilty of contempt of court. The facts are briefly, as follows:

[1] On November 11, 1913, a petition in bankruptcy was filed in this court against John H. Dialogue, trading as "John H. Dialogue & Son," and on the same day Henry F. Stockwell was appointed receiver. He at once qualified and took possession of the plant and assets of the alleged bankrupt. At that time two boats, which belonged to Charles L. Walker, were at that plant. They had been delivered to the alleged

bankrupt prior to the filing of the petition in bankruptcy for the purpose of making some repairs thereon. The repairs had not at that time been completed, although considerable work had been done. The receiver was permitted to continue the business for a short period, during which time he also did some work on one of the boats. Charles L. Walker seems to have been very anxious to take the boats away, and when the receiver advised him that the plant had been shut down, because the court had refused to permit him to operate the business further, they entered into negotiations looking to the delivery of the boats to Walker and the payment to the receiver of the bill for the work done on them. It was finally arranged that the receiver should place on board one of the boats all of the machinery which had been taken from it during the course of making the repairs; and that he should be paid for doing so. There is some dispute as to exactly what the parties agreed upon as to the payment of the balance of the bill. It appears very clearly, however, that on November 21st the receiver wrote a letter to Charles L. Walker, embodying his understanding of the agreement, which was that he was to be paid the sum of $1,000 on account at once, and the balance of the bill, including the cost of placing the machinery aboard the boat, as soon as the receiver was ready to make delivery, and that the balance due was to be checked up by the bookkeeper at the plant and an itemized statement submitted, which was to "govern the cost of the work." Walker subsequently paid the $1,000.

The receiver submitted this proposition to the court for approval, and the same was approved by an order made on November 24th. On the following day the receiver notified Charles L. Walker that he was ready to make delivery of the boats; that the bills had been made up; that he would like to have a check for the balance at once, and that as soon as he received the same Walker could have the boats. It was then arranged that Walker should come to the plant at 2 o'clock on that afternoon and adjust the matter. Shortly after this conversation, and during the noon hour, another tug belonging to Charles L. Walker, and in charge of the respondent Ira T. Walker came to the dock of the alleged bankrupt at which the boats were moored, and forcibly seized and took them away, against the protests of the employés of the receiver, who were present. In order to do this the hawsers, which held the boat to the dock of the Dialogue plant, were cut by direction of the respondent Ira T. Walker.

The testimony leaves no doubt that the seizing of these boats and taking them from the receiver's possession was done intentionally and willfully. Although Charles L. Walker assumed full responsibility for what Ira T. Walker did, the conclusion is inevitable that the latter also acted with deliberation and with full knowledge that the boats were in the possession of a receiver of this court. The boats came lawfully into the possession of the receiver, and no attempt was made by the respondents to procure possession of them by application to this court or by any other legal proceedings. In fact it does not appear there was ever any dispute regarding the right of the receiver to

hold them. Under these-circumstances I have no hesitancy in determining that both respondents are guilty of contempt of this court.

[2] It is entirely well settled that when a court has appointed a receiver, his possession is the possession of the court, and cannot be disturbed without leave of the court, and that if any person, without leave, intentionally interferes with such possession, he commits a contempt of court and is liable to punishment therefor. In re Tyler, 149 U. S. 164, 13 Sup. Ct. 785, 37 L. Ed. 689; In re Swan, 150 U. S. 637, 14 Sup. Ct. 225, 37 L. Ed. 1207; Royal Trust Co. et al. v. Washburn B. & I. R. R. Co., 139 Fed. 865, 71 C. C. A. 579 (C. C. A., 7th Cir.). It is urged that the respondents should be required to return the two tugs to the custody of the receiver. Under the circumstances I cannot perceive that any useful purpose will be served by such a course.

[3] Shortly after the boats were taken from the receiver's possession he caused a libel to be filed in the United States District Court for the Eastern District of Pennsylvania, against them, for the moneys claimed to be due for repairs, etc. That proceeding is now pending. The rights of the respective parties will be fully determined and protected in that suit. Although I do not doubt authority of this court to require that the boats should be returned to the custody of the receiver (In re Swan, 150 U. S. 637, 14 Sup. Ct. 225, 37 L. Ed. 1207), it does not seem that either the ends of justice or vindication of the dignity of this court require such a course to be pursued in this case. I think that this should be treated solely as a criminal contempt to vindicate the authority of the court. Bessette v. Conkey Co., 194 U. S. 324, 24 Sup. Ct. 665, 48 L. Ed. 997.

In view of the high-handed means which were followed in taking these boats from the custody of the receiver and the evident premeditation of the whole plan, I feel constrained to inflict a severe punishment.

Both respondents will therefore be adjudged guilty of contempt of court, and as punishment the respondent Charles L. Walker will be required to pay a fine of $300 and the costs of this proceeding, including the special master's fees, and the respondent Ira T. Walker will be required to pay a fine of $50, and both will be committed to the custody of the marshal until the respective fines are paid. The order should provide for the payment by the clerk to the special master of the latter's fees.