---

## BIDERMAN v. COOPER.

(Circuit Court of Appeals, Third Circuit. June 18, 1921.)

No. 2629.

1. Bankruptcy ⬅229—Trustee may proceed against bankrupt for contempt for violation of order of court.

Bankruptcy Act, § 41b (Comp. St. § 9625), prescribing procedure for contempts before a referee, does not apply to a proceeding in contempt against a bankrupt for violation of an order of the court, which may be prosecuted in usual form by his trustee.

2. Bankruptcy ⬅136(2)—Proceeding against bankrupt held for civil contempt.

A proceeding against a bankrupt for contempt, for violation of an order of the court enjoining him from interfering with the assets of the estate, instituted by petition of his trustee, held for a civil contempt, and not to warrant the imposition of a prison sentence.

In Error to the District Court of the United States for the District of New Jersey; Charles F. Lynch, Judge.

Proceeding for contempt by William N. Cooper, trustee in bankruptcy of Louis Biderman, against Louis Biderman. Judgment against respondent, who brings error. Reversed.

Henry H. Wittstein, of Trenton, N. J., for plaintiff in error.
Edwin C. Long, of Trenton, N. J., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. After an order restraining the bankrupt from interfering with the assets of the estate, the bankrupt secretly went to a safe deposit box (which he had rented under a ficti-

tious name) and extracted, or otherwise handled, certain of its contents. On discovering this, the trustee filed a petition with the court stating the facts and praying for an order upon the bankrupt to show cause why an attachment for contempt should not issue against him, and asking for such other relief as might be necessary. At the hearing, the court found the bankrupt guilty of contempt—mainly on his own testimony—and sentenced him to prison. Thereupon, the bankrupt sued out this writ of error, raising several questions, only two of which merit consideration.

[1] The first is, whether under Section 41b of the Bankruptcy Act (30 Stat. 544 [Comp. St. § 9625]) the contempt proceeding was defective because it was not instituted upon a certificate of the referee. Section 41a commands obedience to the orders of a referee and forbids misbehavior of parties when before him. Section 41b prescribes the procedure in contempt for violations of the provisions of Section 41a. The thing which the bankrupt did in the instant case was not "any of the things forbidden in this section." It was an alleged violation of an order of the court for which the bankrupt was answerable directly to the court in a proceeding for contempt, whether civil or criminal, there begun otherwise than on a referee's certificate.

[2] The next question is, whether the proceeding was for civil contempt or for criminal contempt; and whether, if for the former, the court erred in imposing a sentence applicable to the latter.

There was no question about the facts, and in the mind of the court there seems to have been little question of the bankrupt's guilt of a contumacious act violative of the court's injunction. The only question before us therefore is the one we have just stated.

We are of opinion that the principles announced by the Supreme Court in Gompers v. Bucks Stove & Range Co., 221 U. S. 418, 31 Sup. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874, extended to proceedings in bankruptcy by the Circuit Court of Appeals for the Second Circuit in Re Kahn, 204 Fed. 581, 123 C. C. A. 107, rule this case, and that, in consequence, the sentence was unlawful.

Judged by its title, the manner in which it was instituted, the character of the relief sought, and the purpose for which the punishment was imposed, the proceeding was for civil contempt; the penalty for criminal contempt. The sentence of imprisonment was not remedial in any sense. Its purpose was not to coerce the performance of an order of the court, but to punish for past disobedience. The punishment was not compensatory to the plaintiff but, being punitive, was imposed to vindicate the court's authority. Therefore, under the cases cited, and particularly under In re Kahn, supra, where the procedural facts were singularly similar to those in this case, we are of opinion that the court fell into error, and that, in consequence, the order imposing the sentence complained of should be annulled, but without prejudice, in any degree, to the institution of appropriate proceedings in the District Court on the original grounds of complaint.