## McCALL CO. v. BLADWORTH et al.

(Circuit Court of Appeals, Second Circuit. March 26, 1923.)

No. 196.

1. **Appeal and error** ⊗⟹14(½)—**Method of review immaterial, where no question of fact is involved.**

In view of Act Sept. 6, 1916, § 4 (Comp. St. § 1649a), prohibiting dismissal because the wrong method of review has been followed, and requiring the court to take action which would be appropriate if the proper procedure had been followed, the method by which review was sought is immaterial, where there is no question of fact involved.

2. **Courts** ⊗⟹405(12)—**Order dismissing contempt proceeding, but reprimanding parties, is "final order," and reviewable by Circuit Court of Appeals.**

An order dismissing proceedings for the punishment of a party and his attorney for contempt in violating an injunction, but reprimanding them for taking unfair advantage of a stay, is a "final order," which can be reviewed by the Circuit Court of Appeals.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Order.]

3. **Contempt** ⊗⟹70—**Court cannot reprimand parties, after finding them not guilty of contempt.**

Where the District Court found defendant and his attorney not guilty of contempt and dismissed the proceedings as to them, it had no power to order a reprimand of them, though it has wide latitude in respect of punishment for contempt, since it can administer no punishment, unless the person on whom it is visited has been found guilty of contempt.

4. **Attorney and client** ⊗⟹36(1)—**Court can discipline attorney for acts not contemptuous.**

The court has power to discipline an attorney for unprofessional conduct, even though the acts done may not technically be contemptuous.

5. **Attorney and client** ⊗⟹38—**Attorney's conduct in sending out notices of infringement after expiration of stay held proper.**

Where the court had enjoined defendant from sending out certain pamphlets to plaintiff's customers, charging an infringement of patent, but had permitted the mailing of a simple notice of infringement, whose form was approved by him, and then stayed the order permitting the mailing of the notice for 24 hours, to give plaintiff an opportunity to take an appeal therefrom, the defendant's attorney was acting within his rights in sending out the approved notice after the expiration of the 24-hour period, and before an appeal had been taken.

⊗⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**6. Courts ⟨⟶344—Cannot obtain jurisdiction over person of resident of another district.**

The court cannot gain jurisdiction over the person of a citizen and resident of another district by process served upon him in another district.

**7. Courts ⟨⟶276—Jurisdictional objection held not waived by argument on merits.**

Where a resident and citizen of another district appeared in proceedings to punish a defendant for contempt in response to a subpœna ad testificandum, and while in court was confronted with what practically amounted to a contempt proceeding against him for violation of the injunction to which he was not a party, the fact that, in addition to saving his jurisdictional objection, which the court permitted, his counsel also argued on the merits of the proceeding, did not waive the jurisdictional objection.

**8. Patents ⟨⟶326(2)—Owner of other interest in patent involved held not in contempt for violating injunction against notice of infringement.**

Where a suit was brought against an owner of an undivided one-half interest in a patent to restrain him and his agents and employees from sending notice to plaintiff's customers of infringement of the patent, the injunction granted therein did not bind the owner of the other undivided interest, who was neither the agent nor employee of the defendant, so that such owner could not be punished for contempt in sending out in his own behalf notices of the infringement.

Appeal from the District Court of the United States for the District of Connecticut.

Suit in equity by the McCall Company against George H. Bladworth for an injunction. From an order reprimanding George H. Bladworth and another, and finding George M. Laub guilty of contempt, those parties appeal. Reversed.

Appeal from an order of the District Court which ordered, adjudged, and decreed as follows: "That the defendant George H. Bladworth, and the respondents, Frederic P. Warfield and Charles B. Templeton, are not guilty of a willful and deliberate violation of the order of this court, and as to them the contempt proceedings are dismissed; but the court finds that said George H. Bladworth and said Frederic P. Warfield took such advantage of the lapse of a stay granted by the court for a period of 24 hours pending the taking of an appeal and formal application for a stay pending the appeal as to deserve the reprimand of the court. The court finds the said respondent George M. Laub is in contempt for violation of the injunction heretofore issued herein, and it is hereby ordered that the respondent George M. Laub pay into the court for the use of the plaintiff, within ———— days of the entry of this order, the sum of $500, and that, when paid, it be paid over to the plaintiff, the McCall Company, as a compensation for its time and outlay in prosecuting the application."

The order also provided: "And it further appearing that George M. Laub had been represented by his counsel, Herman B. Goodstein, at the hearing of plaintiff's motion for preliminary injunction, and heard in opposition thereto, and that he was served with no process in these contempt proceedings, other than a subpœna ad testificandum on behalf of plaintiff, served upon him in the city and state of New York, and he was present in court with his said counsel at the hearing of the motion to punish for contempt herein, and said counsel for George M. Laub having upon the oral argument stated that there were objections to the jurisdiction of the court, but in the course of the argument waived the same by his counsel so stating in open court and having argued on the merits, and upon conclusion of the oral argument the court having suggested that all the respondents preserve all their technical and other objections and present them by briefs, the said Herman B. Goodstein urged in his main and reply briefs in behalf of George M. Laub that the court had no jurisdiction over the said George M. Laub in these contempt proceedings, because no process other than the said sub-

pœna ad testificandum had been served upon him, and argued also upon the merits in his behalf. ❊ ❊ ❊ ''

Plaintiff brought suit in the district of Connecticut against Bladworth to restrain him from sending out a certain pamphlet, the purpose of which was to notify the trade that the McCall Company was infringing certain patents of which Bladworth was part owner. Bladworth and Laub were each the owner of an equal one-half interest in these patents. A motion was made against Bladworth for a preliminary injunction, and the District Court ordered that a preliminary injunction issue enjoining Bladworth, his agents, servants, and employés, from printing, addressing, mailing, circulating, or publishing in any manner whatsoever the pamphlet supra. On March 14, 1922, a preliminary injunction pursuant to said order was issued against Bladworth, restraining him, his agents, servants, and employés from printing, addressing, etc., the pamphlet in question until further order of the court, "without prejudice to the defendant to send out a proper notice of claim of infringement."

As the result of proceedings before the court, Messrs. Duell, Warfield & Duell, solicitors for Bladworth, prepared a notice of infringement intended to avoid the features complained of as offensive by plaintiff. This notice was approved by the District Court in a memorandum dated March 22, 1922, and by a formal order of approval was made on the same date. The order was entered in the office of the clerk of the District Court on March 23, 1922. Under date of March 23, 1922, the clerk of the District Court wrote a letter to Messrs. Duell, Warfield & Duell, stating that he had been directed by the District Judge to inform them that the operation of the order just referred to was suspended, and not to become effective for 24 hours, "pending the filing of an appeal by counsel for" plaintiff. Notwithstanding the informality of this direction, it was strictly obeyed. This 24-hour stay expired on March 24, 1922, at 11:30 a. m. After that hour, Messrs. Duell, Warfield & Duell, on behalf of their client, caused to be mailed notice of infringement in the form which the court had approved. During the day of March 24, 1922, the solicitor for plaintiff presented a petition for an appeal, which was allowed by the District Judge, and the District Judge also ordered that pending the appeal the effect and operation of the order of March 22, 1922, be stayed.

About 4:45 on the afternoon of March 24, 1922, Mr. Warfield was informed by plaintiff's solicitor by telephone that a stay pending appeal had been granted. The total number of the notices which had been prepared for mailing was upwards of 6,000. Of this number, approximately 1,500 had been delivered at the post office for mailing prior to this telephone notice. Mr. Warfield took steps at once to stop the mailing, and complied in every way possible with the stay, as communicated to him over the telephone. Laub had not been made a defendant in the suit against Bladworth. On March 23, 1922, Laub was informed by his counsel that the court had approved a form of notice of infringement to be sent out by Bladworth, through his counsel, and thereupon, on March 28, 1922, Laub sent out a circular of his own.

Upon the affidavit of Warner, president of plaintiff, an application for a rule to show cause why "they and each of them" should not be punished for contempt for violation of the injunction of March 22d was made against Bladworth, Laub, and Duell, Warfield & Duell, and Mr. Warfield and Mr. Templeton, as counsel. The court ordered the rule to be issued, and the rule was served in Connecticut on Bladworth. Laub, it appears, was not a resident of the district of Connecticut; but on April 6, 1922, in the city of New York, he was served with a subpœna ad testificandum "in a certain cause pending ❊ ❊ ❊ wherein the McCall Company is plaintiff and George H. Bladworth is defendant."

This subpœna was obeyed by Laub, and he and his attorney, Bladworth, and Warfield were present before the District Judge in the District Court of the District of Connecticut. Affidavits in opposition to the rule were filed by Warfield, Templeton, Bladworth, Laub, and Laub's attorney, Goodstein. Upon the papers before him the District Judge made the order quoted supra.

Duell, Warfield & Duell, of New York City (F. P. Warfield and Lawrence Bristol, both of New York City, of counsel), for appellants Bladworth and Warfield.

Herman B. Goodstein and Thomas J. Kavanagh, both of New York City, for appellant Laub.

Merton E. Lewis and Henry F. Parmalee, both of New York City, for appellee.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

MAYER, Circuit Judge (after stating the facts as above). [1] It is contended by counsel for appellee that the case should have been brought here by writ of error instead of appeal. In view of section 4, chapter 448, Act Sept. 6, 1916, 39 Stat. 727 (Comp. St. § 1649a), noted in the margin,[1] we need not pause to determine whether the method of appeal was correct, because, in our view, there is no question of fact involved.

[2] As to Warfield and Bladworth: The order is a final order, and properly here, whether regarded as a review by appeal or writ of error.

[3] The District Court, having found Bladworth and Warfield not guilty of contempt, and having dismissed the proceedings as to them, had no power whatever to order a reprimand. In contempt proceedings, the court has wide latitude in respect of punishment, but plainly no punishment can be administered unless the person upon whom it is attempted to visit the punishment has been found guilty of contempt.

[4] The infliction of a reprimand upon Mr. Warfield was contrary to procedure settled in this circuit. In re Kahn, 204 Fed. 581, 123 C. C. A. 107. We shall not, however, dispose of the case merely on a point of procedure. The court, of course, has power to discipline an attorney for unprofessional conduct, even though the acts done may not technically be contemptuous. A member of the bar is properly sensitive of his reputation, and a lawyer with the proper conception of his duty to the court naturally feels keenly the effect of an undeserved reprimand.

[5] We therefore deem it proper to state that the acts done by Mr. Warfield on behalf of his client were strictly within the rights of his client and himself, and in no way open to criticism from a professional standpoint, and there was neither jurisdiction nor occasion to reprimand either him or his client in any manner whatsoever.

[6, 7] As to Laub: In view of the fact that Laub was a citizen and resident of New York, process could not be served upon him, and the court could not gain jurisdiction as to him. Munter v. Weil Corset Co., Inc., 43 Sup. Ct. 347, 67 L. Ed. ——, decided February 26, 1923. The jurisdictional point was taken by his counsel; but ap-

---

[1] Section 4, chapter 448, Act Sept. 6, 1916, 39 Stat. 727: *"Dismissal for Use of Wrong Remedy.*—No court having power to review a judgment or decree rendered or passed by another shall dismiss a writ of error solely because an appeal should have been taken or dismiss an appeal solely because a writ of error should have been sued out, but when such mistake or error occurs it shall disregard the same and take the action which would be appropriate if the proper appellate procedure had been followed."

parently counsel also argued on the merits. The courtroom scene is not difficult to visualize. The quite unusual situation had arisen that a person brought into a jurisdiction by a subpœna ad testificandum found himself confronted with a contempt proceeding, and naturally, while endeavoring to preserve the jurisdictional point, his counsel, as matter of respect, hoped to convince the court on the merits that no contempt was committed. The situation was embarrassing, both for the lawyer and his client, although it is but fair to state that the court did not seek to deprive Laub of his jurisdictional point, but, on the contrary, suggested that it be preserved. While the order, quoted supra, is in this respect somewhat confused, we are satisfied that it preserved the jurisdictional point, as the court intended it should. This being so, it is plain that the court was wholly without jurisdiction to entertain any contempt proceeding against Laub.

[8] In order, however, that this branch of the controversy shall also be ended, brief reference may be made to the rights of Laub on the merits. The affidavit of Warner fails to set forth any fact whatsoever showing that Laub was the agent, servant, or employee of Bladworth. In the proceedings brought against Bladworth, Warfield, and Templeton, an affidavit of Laub was interposed. This affidavit sets forth, inter alia, that Laub was the owner of a one-half interest in the patents; that he had his own counsel, upon whose advice he acted; that he was informed that the court had approved a form of notice of infringement which might be sent out by Bladworth; that he was not the agent, servant, or employee of Bladworth; and that what he did on his own behalf was in pursuance of what he understood to be his right.

When Laub sent out his own circular of March 28th, he was acting wholly within his rights. He was not a party defendant to the suit which had been brought against Bladworth, and the injunction against Bladworth did not and could not run against another owner of an interest in these patents; nor could Laub be affected by the stay obtained by plaintiff's solicitor pending appeal from the order approving the form of the infringement notice. The principle is the same, whether applied to patents, land, or any other kind of real or personal property. Hanley v. Pacific Live Stock Co., 234 Fed. 522, 148 C. C. A. 288. If the Laub circular was deemed by plaintiff to be offensive, then plaintiff should have commenced an appropriate suit against Laub in the proper jurisdiction. As the injunction did not and could not run against Laub, but was directed only against Bladworth, his agents, servants, and employees, and as Laub was none of these, the court, even had it possessed jurisdiction otherwise, had no jurisdiction whatever to entertain the proceedings to punish for contempt.

The order is reversed, with costs to each appellant.