## PENNSYLVANIA TRUST CO. OF PITTS-BURGH v. GREENBERG.

## GREENBERG v. PENNSYLVANIA TRUST CO. OF PITTSBURGH.

Circuit Court of Appeals, Third Circuit.
March 12, 1929.

Nos. 3949, 3950.

See also (C. C. A.) 19 F.(2d) 824.

John T. Duff, Jr., and Calvert Thompson & Berger, all of Pittsburgh, Pa., for Pennsylvania Trust Co.

Lowrie C. Barton, of Pittsburgh, Pa., for Greenberg.

Before WOOLLEY and DAVIS, Circuit Judges, and MORRIS, District Judge.

Appeal of the Trustee—No. 3950.

WOOLLEY, Circuit Judge. ▆ The question on this appeal, stated in the abstract, is whether one holding property under a fraudulent conveyance is entitled to reimbursement for expenditures made during the fraudulent tenure. The question, as it arises in this case, is answered by the facts. Marcus Cases (C. C. A.) 19 F.(2d) 825; (C. C. A.) 20 F.(2d) 454; (D. C.) 21 F.(2d) 483; (C. C. A.) 23 F.(2d) 303.

Jacob and Bennie Marcus conveyed a store property situated in Pittsburgh to Sarah Marcus Greenberg, their sister. Shortly thereafter a petition in bankruptcy was filed against them and a receiver appointed. The receiver, claiming under the bankrupts, took possession of the property against Sarah Greenberg's claim of title, later asserted by a cross-petition praying that the property be returned to her possession. While this dispute was pending a fire occurred and rendered the building untenantable. The insurance being substantial, it was evident to the court that it should be collected promptly and the property repaired so that it could again earn rents for its owner, whoever that might be. It was equally evident that some one must be entrusted with the task. Between the contestants to the title the learned trial court, wisely, as it turned out, directed the receiver to surrender the property to Sarah Greenberg under a stipulation and order that she collect the insurance and with the money repair the building and, when tenantable, lease it for an adequate rent for a term

which, however, should end if and when it should be adjudged that she did not have title, and with the rents pay the interest on the mortgages and taxes. All this she did. During the period of repair the District Court tried the issue of title between Sarah Greenberg and the trustee (who succeeded the receiver) and entered a decree against her [(C. C. A.) 19 F.(2d) 825] on finding the conveyance void upon the ground of fraud and unlawful preference, and ordered an accounting which she now has made showing receipts and disbursements. With the latter, though they enured wholly to its benefit, the trustee here claims she should be surcharged as a fraudulent grantee.

For this position the trustee relies on the general rule of law that where a "conveyance is founded in actual fraud, the grantee as a general rule is regarded as a particeps criminis, and is not entitled to reimbursement or indemnity, either for the consideration or advances paid. * * * The loss of the amount paid by the grantee is the penalty for engaging in the fraudulent transaction." 27 Corpus Juris 673; Milwaukee & Minnesota T. Co. v. Soutter, 13 Wall. 517, 20 L. Ed. 543; Dreyer v. Kicklighter (D. C.) 228 F. 744; Lynch v. Burt (C. C. A.) 132 F. 417. Sarah Greenberg does not question this rule but challenges its application to her situation in this case, and justly so, for it is clear that while she was, on the court's finding, a particeps criminis in respect to the fraudulent conveyance, it was not in that character that she collected and expended the insurance money and rents but in the character of the court's appointee with certain defined powers and duties. Thus she acted as a kind of trustee, not ex maleficio but rather ex necessitate rei. To hold her personally liable in her former character of wrongdoer for what she rightfully did in her latter character of the court's instrument would be plain injustice.

Appeal of Sarah Marcus Greenberg—No. 3949.

In stating an account for insurance and rents received and moneys disbursed by Sarah Greenberg in her administration of the property pending the decision of the court in respect to the title, the master charged her with $23,771.30 received and credited her with $28,253.11 disbursed, showing a balance of $4,481.81 which with interest the court ordered the trustee to pay her. In determining this amount the master refused to allow the accountant $3,625.72 for electricity, refrigeration and elevator service and surcharged her with three months' rent at $400 per month. Both matters, which constitute the subjects of Sarah Greenberg's appeal, arose out of the rental of the property, in obedience to the court's order, under a lease into which she entered with Marcus Company, Inc., for a period of ten years, subject to termination if and when the court should decide the title was not in her, the lessor. Although the lease stipulated that the term should commence on February 1, 1925, it contained a proviso that "rental shall commence only after the necessary repairs are made and the building occupied by the Marcus Company, Inc." On a finding, not disputed, that the fair rental value of the property was $400 per month, the master charged the accountant with $14,000 for thirty-five months rent commencing February 1, thus accepting the starting date in the lease but disregarding the proviso on a finding that the repairs were practically completed in January and the exact date of occupancy was not proved. On the accountant's contention that repairs were not completed until April and the tenant did not move in until later, there arose the issue whether she should be surcharged with rent for the months of February, March and April.

On this issue of fact it conclusively appears that the tenant did not pay and the accountant did not receive rent for these months. Although the repairs were mainly completed and paid for in January there is evidence, which we cannot overlook, that work was done in February, March and April. It was in the last month that the safety walls of the elevator were installed and the second and third floors braced with heavy timbers. While the exact date of occupancy is not proved, there is testimony that the tenant moved in "about May 1" and there is no testimony that it was in before that date. On the record as made we incline to the accountant's position and hold that the surcharge of three months' rent should be annulled and the balance already found due her be increased correspondingly.

Following the covenant for monthly rental of $400 the lease contains a covenant in these words:

"It is also agreed by Sarah Marcus Greenberg that the above total rents include electric lights, refrigeration services, and elevator services, and (said Marcus Company) are to deduct the amount paid out by them to the Electric Company, elevator services, from the month's rent before payments are made to Sarah Marcus Greenberg."

By reason of this covenant the tenant deducted from rentals $1,656 for operating the elevator and $1,969.72 for electricity, etc. Accordingly the accountant asked allowance for $3,625.72, the total of these items. The master's refusal is the other matter raised on her appeal.

By deducting the item of $1,656, which the accountant now admits was properly disallowed, her claim is reduced to $1,969.72 which she insistently demands because, as she says, it is due under the express terms of the lease which bound all parties before its termination by the court's decree. It should be noted that this proceeding is not a suit against a tenant on a lease whose terms cannot in the absence of fraud be questioned and cannot be held fraudulent on mere inadequacy of rent, Harris v. Tyson, 24 Pa. 347, 64 Am. Dec. 661; Hamet v. Dundass, 4 Pa. 178, but it is an accounting by one charged by the court's order to "rent the said building for an adequate rent." The instant proceeding is in substance an account to the court of how she performed the trust. Into that, certainly, the court may inquire, and approve or disapprove her conduct, including the making of the lease and its terms, and hold her accordingly. This it has done by finding $400 an adequate monthly rental and by regarding anything less an inadequate rental. Moreover, we agree with the master that the testimony as to the method by which deductions from rentals were computed by the tenant—a corporation in which the accountant had a substantial stock interest—is too vague and inadequate to sustain the claimed deduction.

When modified by relieving the accountant of the surcharge of three months' rent, the decree of the District Court will be affirmed, with costs of the trustee's appeal to be taxed against that appellant and costs of Sarah Marcus Greenberg's appeal to be divided and taxed equally against the appellant and appellee.