**NATIONAL POPSICLE CORPORATION et al. v. KROLL et al.**

**SAME v. LIPITZ et al.**

**Nos. 295, 296.**

Circuit Court of Appeals, Second Circuit.

May 8, 1939.

Bachrach, Bachrach & Bisgyer, of Brooklyn, N. Y. (Herman S. Bachrach and Clarence G. Bachrach, both of Brooklyn, N. Y., and W. Lee Helms, of New York City, of counsel), for appellants.

Daniel G. Albert, of Brooklyn, N. Y. (Lewis Irving Horwitz, of Brooklyn, N. Y., and Richard J. Cowling, of New York City, of counsel), for appellees.

Before L. HAND, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

The appeals are from orders holding the defendants in contempt and sentencing them to terms in prison. The two cases being alike, a statement of what happened in the Kroll case will serve for both. The plaintiffs brought suit in equity to enjoin the defendants from infringing patent to Epperson, 1,505,592. On consent of the defendants final decree was entered adjudging that the patent was valid and that the defendants had infringed, and restraining them from further infringement. The plaintiffs' attorney later obtained an order, entitled in the equity cause, for the defendants to show cause why they should not be punished for contempt because of violation of the injunction against infringement. One defendant was served. On affidavits that the others were evading service the plaintiffs' attorney took out a writ of attachment. The court referred the issues to a special master; in announcing the reference the court told the defendants viva voce that because of their repeated violations in the past they would be sent to jail if it should appear that they had again violated the injunction. The special master took testimony, found untenable the de-

fendants' assertion that they were practicing a different process, and reported that the defendants had wilfully violated the injunction. The district court confirmed the report, adjudged the defendants to be in contempt, and sentenced them to imprisonment, two of them for 30 days and one for 45 days. The defendants urge, first, that the court erred in sentencing them to punitive imprisonment as for criminal contempt, the proceeding being merely one for civil contempt; second, that the court erred in holding that they had practiced the process covered by the patent. As we are of opinion that the first point is well taken, there is no need to discuss the second.

In McCann v. New York Stock Exchange, 2 Cir., 80 F.2d 211, we held that where a proceeding for contempt was prosecuted by the attorney for a private party, it was necessarily a proceeding for civil contempt, save in cases where the court made an order directing the attorney to prosecute criminally in behalf of the court. The development from Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797, 34 L.R.A.,N.S., 874, may be traced in the decisions of this court in In re Kahn, 2 Cir., 204 F. 581, and In re Guzzardi, 2 Cir., 74 F.2d 671. The rule in the McCann case is sound on principle and convenient in practice, and we adhere to it. While it was stated that such an order should be entered at the outset, the purpose will doubtless be served if the order be made early enough for the party proceeded against to put in his defense with plain notice of the character of the charge he is faced with. In the present case the proceeding from first to last was prosecuted by the plaintiffs' attorney. There was no order directing him to act in the court's behalf. It follows that the proceeding was one for civil contempt only. We will not take cognizance of equivocal remarks made by court or by counsel in the course of the case.

It may well be that violations of the injunction by the defendants had become so chronic as to merit imprisonment for criminal contempt. The fact remains, however, that the proceeding actually undertaken was one for civil contempt. In a proceeding of that character the court may not impose imprisonment for a fixed term. Gompers v. Buck's Stove & Range Co., supra.

Reversed.