**NATIONAL POPSICLE CORPORATION et al. v. KROLL et al.**

**THE POPSICLE CORPORATION et al. v. LIPITZ et al.**

**Nos. 179, 180.**

Circuit Court of Appeals, Second Circuit.

April 28, 1941.

Daniel G. Albert, of New York City (Lewis Irving Horwitz, of New York City, of counsel), for appellants.

Clarence G. Bachrach and Bachrach, Bachrach & Bisgyer, all of Brooklyn, N. Y., for appellees.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

These are the second appeals in these two proceedings which are for contempt of a judgment entered by consent enjoining the infringement of a patent. Upon the first appeals (2 Cir., 104 F.2d 259) we held that the proceedings were civil under the test we had laid down in McCann v. New York Stock Exchange, 2 Cir., 80 F.2d 211; and we were for this reason forced to reverse the orders because they had sentenced the defendants to prison. Upon remittitur to the district court the defendants argued that the plaintiffs must begin new proceedings ab initio, and that it was a condition to this that the pending proceedings should be dismissed, although, as appeared in our first opinion, there had been a reference at which 1,500 pages of testimony were taken, the master had filed a report in which he found the defendants to have deliberately violated the injunction, and the judge had confirmed his findings. This argument of the defendants prevailed, and both proceedings were dismissed.

It would perhaps have been better, if we had decided the merits of the application upon the first appeals, and had remanded the proceedings merely to decide what civil remedies should be granted. However, though we did not do this but refrained from passing on the merits, we did not in any way intimate that the proceedings must be dismissed; indeed we held that civil proceedings had been instituted, and that the only irregularity was that they had ended in criminal penalties. We had no intention to put the unfortunate plaintiffs to the delay and expense of two completely new suits.

The orders will be reversed and the proceedings remanded; the judge will determine what civil remedies are appropriate upon the referee's findings which he has already confirmed. While he may, if he wishes, grant a rehearing as to the confirmation of the report, he is certainly not obliged to do so; and, if he does not, the cases are ready for the award of such civil remedies as may be proper, unless indeed further evidence is necessary upon that issue, and that alone. It is to be hoped in any event that there will be no further delays; as the case now stands, the defendants appear to have been suc-

cessful for four years in forestalling all redress to the plaintiffs for a contumacy of the court's judgment.

Orders reversed.